**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SAMMIE CHISOLM, | Civil No.: 10-2900 (JAP) |
| Petitioner, | |
| v. | **O P I N I O N** |
| MICHELLE R. RICCI, et al., | |
| Respondents. | |

**APPEARANCES:**

    SAMMIE CHISOLM, Petitioner Pro Se
    #421740 SBI # 202198C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

    DIT MOSCO, Assistant Prosecutor
    WARREN COUNTY PROSECUTOR'S OFFICE
    213 Second Street
    Belvidere, New Jersey 07823
    Counsel for Respondents

**PISANO**, District Judge

    On or about June 2, 2010, petitioner, Sammie Chisolm ("Chisolm), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he challenges his 2001 New Jersey state court conviction. On October 4, 2010, Chisolm filed a motion for appointment of counsel in his habeas matter. (Docket Entry No. 11). The motion for appointment of counsel is being decided pursuant to Fed.R.Civ.P. 78. For the reasons set

forth below, Chisolm's request for appointed counsel is denied without prejudice.

## I. BACKGROUND

In his Declaration in support of the motion for appointment of counsel, Chisolm states that the claims asserted in his habeas petition "require a sensitive and professional eye to sort through the legal/factual determinations, so that the claims may be articulated properly." (Motion Certification at ¶ (e)). Chisolm also broadly states that due to the age of the case, the complexity of the legal issues, and "muddled factual conclusions," counsel is needed to help resolve questions of alleged constitutional dimension. (Motion Cert., ¶ (g)). He also states that he had counsel assigned to him in his state proceedings based on his indigency. (Motion Cert., ¶ (f)). Chisolm was granted pauper status in this habeas action on December 17, 2010.

The Court observes that Chisolm filed a comprehensive habeas petition setting forth eleven claims for relief with a supporting factual summary. Chisolm also filed a lengthy and thorough traverse/reply to the State's answer to the habeas petition on March 15, 2012, as well as a supplemental in support of his petition on April 11, 2012. (Docket entry nos. 30 and 31).

**DISCUSSION**

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. See Biggins v. Snyder, Civ. No. 99-188, 2001 WL 125337, at * 3 (D.Del. Feb. 8, 2001)(citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted).  Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the

---

[1] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. See Biggins, 2001 WL 125337, at *3 (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted).  "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel."  Biggins, 2001 WL 125337, at *3 (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, Civ. No. 91-3258, 1992 WL 184358, at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case").

    Here, the Court must first determine if Chisolm states non-frivolous, meritorious claims.  In his petition, Chisolm challenges his New Jersey state court conviction on eleven grounds, including a claim that he was denied his right to effective assistance of counsel, and claims alleging prosecutorial misconduct, trial error regarding jury instructions and evidential rulings.  From the face of the petition, Chisolm's

contentions do not appear to be frivolous, and may or may not have merit.

Next, the Court must examine whether the appointment of counsel will benefit the Court and the petitioner. This case seems to be fairly "straightforward and capable of resolution on the record." See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir.1990)). Chisolm has shown his capability to proceed pro se by filing several applications to this Court, and his petition and traverse are articulate, well-reasoned, and evidence a competent understanding of the relevant legal issues. Also, because he is convicted, Chisolm has access to the prison law library, and a limited ability to investigate the law. See Jones v. Kearney, Civ. No. 99-834, 2000 WL 1876433, at *2 (D.Del. Dec. 15, 2000)(wherein the court reviewed a similar record and held "these actions show that [petitioner] is capable of prosecuting his case without the assistance of counsel"). Thus, the mere fact of Chisolm's imprisonment does not inhibit his ability to represent himself in this action and is contradicted by petitioner's competent pleadings and applications before this Court. Additionally, Chisolm's claims are not complex and are capable of resolution on the record.

Therefore, the Court will deny Chisolm's motion to appoint counsel, without prejudice, as it does not appear that the

appointment of counsel would benefit either the Petitioner or this Court.

## **CONCLUSION**

Therefore, for the reasons set forth above, Chisolm's motion for appointment of counsel (Docket entry no. 11) will be DENIED at this time. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
JOEL A. PISANO
United States District Judge

Dated: May 31, 2012

6